---

## Ex Parte Bou

### Application for a writ of Habeas Corpus.

No. 34.—Decided June 10, 1904.

Jurisdiction.—Jurisdiction is the power with which judges are vested to administer justice, and such power is derived directly from the law.

Id.—Assault With a Deadly Weapon.—The fact that a judgment of conviction has been rendered for an assault with a deadly weapon, based on section 247 of the Penal Code, which had been repealed by a statute in force on the date of the judgment, does not involve an excess of jurisdiction by the court which rendered it where it had jurisdiction of the offense, and such jurisdiction was not taken away or in any manner modified by the new law.

Id.—Warrant of Arrest—Judgment of Competent Court.—If the warrant issued for the imprisonment of a convicted person was issued in pursuance of a judgment rendered by a court having complete jurisdiction to do so, and such warrant is free from any fundamental defects, it cannot be considered void.

Habeas Corpus.—If the act which gave rise to a criminal prosecution constitutes a crime according to the law under which it was instituted, and also according to a subsequent law repealing the former law, and the penalty imposed is included within the limits fixed in the new law, there are no grounds for ordering the discharge of the prisoner on *habeas corpus.*

#### STATEMENT OF THE CASE.

José and Luís Bou, accused of the crime of assault with a deadly weapon, were condemned by the District Court of San Juan, on April 4, 1904, for the crime defined in section 237 of the Code of Criminal Procedure, to pay a fine of five

hundred dollars, each, and to undergo one day of imprison-
ment for every dollar they should fail to pay, and to one-
half the costs, which offenders are now serving said sentence
in the jail of this city.

Said prisoners, through their attorney, José C. Ramos,
applied for and obtained a writ of *habeas corpus,* which was
duly heard, their counsel alleging, as a fundamental reason,
the fact that the act of the Legislative Assembly of this Is-
land, approved March 10, 1904, had repealed section 237 of
the Penal Code, upon which the judgment of conviction had
been based, arguing therefrom, at the trial, that the prison-
ers should be discharged pursuant to paragraphs 1 and 6 of
section 483 of the Code of Criminal Procedure, inasmuch
as the jurisdiction of the trial court had been exceeded and
the process had not been authorized by any provision of law,
judgment or decree of any court.

*Mr. José C. Ramos,* for the petitioners.

*Mr. del Toro, Fiscal,* for the People.

Mr. Justice Figueras, after making the above statement
of facts, delivered the opinion of the court.

By jurisdiction is meant the power wherewith judges are
vested for the purpose of administering justice, which power
is derived directly from the law.

The petitioner admits that it was within the jurisdiction
of the District Court of San Juan to take cognizance of
and punish this crime of assault with a deadly weapon (sec-
tion 327 of the Penal Code,) before the act of the Legislative
Assembly, approved March 10, 1904, had taken effect; but
as the object of this act is only to define cases of simple as-
sault and battery, and assault and battery with aggravating
circumstances and to prescribe a milder punishment, with-
out in any wise altering the jurisdiction of the courts, it is
evident that inasmuch as the question is one of crimes the
cognizance whereof is intrusted to them by the law, it can-
not be asserted that in taking cognizance of and punishing

the offense involved in the case at bar, the District Court of San Juan has in any manner exceeded its jurisdiction.

The process under consideration is the logical consequence of the criminal act committed and of the execution of the judgment rendered by a court having absolute jurisdiction in the premises, without there being, on the other hand, any fundamental defect in said process which would render a declaration of the nullity thereof necessary.

Furthermore, the act which gave rise to the criminal process in question would not cease to be a crime, were it to be considered as included in either of these laws, and if the punishment imposed, that is to say, a fine of five hundred dollars or five hundred days of imprisonment in default thereof, comes within the limits of not less than fifty nor more than one thousand dollars, as prescribed by the act of the Legislative Assembly, under section 8 thereof, for an aggravated assault, which is the crime committed (Sec. 6, par. 8), there is no reason whatever, compatible with the high ends of justice and of good order and brevity of the proceedings, that would justify the discharge of the prisoners.

In view of the legal provisions cited, the application for discharge from imprisonment of José and Luís Bou is denied, and they are hereby remanded to jail, under the custody of the warden thereof.

Chief Justice Quiñones and Justices Hernández and MacLeary concurred.

Mr. Justice Sulzbacher did not sit at the hearing of this case.